Hall *vs.* the State.

---

No. 3.—WALTER B. HALL, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

[1.] When an indictment accuses the defendant of the offence of a misdemeanor and then specifies that such misdemeanor consists in keeping an open tippling house on the Sabbath day, contrary to the statute, the accusation of the offence in the indictment is sufficient under the provisions of the Penal Code.

[2.] When the statute declares, "Any person who shall be guilty of keeping open *tippling houses* on the Sabbath day," the keeping open a tippling *house* on the Sabbath day, is a violation of the statute.

[3.] When the indictment alleges the offence to have been committed in the year 1846, the Court will presume it to be in the Year of Our Lord 1846.

[4.] Under the 6th section of the 10th division of the Penal Code, the keeping open a tippling house on the Sabbath day is indictable and punishable, without proof that the defendant sold liquor, or that the same was a nuisance, or hurtful to the neighbourhood, or to the religion or morals thereof; the offence consists in keeping open the doors of the tippling shop on the Sabbath day.

[5.] When the verdict of the jury is regularly returned on the indictment, but by the neglect of the clerk it is not entered on the minutes of the Court at the term at which it was rendered, this affords no ground for arresting the judgment; the Court may at the next succeeding term order the verdict of the jury to be entered *nunc pro tunc.*

Hall *vs.* the State.

Indictment for misdemeanor.  Tried before Judge WARREN in Macon Superior Court.  Verdict of Guilty, and motion in arrest of judgment argued and overruled.  April Term, 1847.

The plaintiff in error was tried before Judge Warren, in Macon Superior Court, October Term, 1846, upon a bill of indictment charging him with the offence of a misdemeanor.  The indictment after the general accusation aforesaid, proceeded to specify the said offence as follows—"For that the said Hall, on the twenty-second day of March, *in the year eighteen hundred and forty-six*, did, in the county of Macon, and State of Georgia, unlawfully and with force and arms, keep, in the town of Lanier, an open tippling house, on the Sabbath day," and concluding with the usual form.

Upon the trial the plaintiff in error was found guilty ; but at the same term, and before judgment, a motion was made by his counsel in arrest of the same, upon the following grounds:

First.  Because the bill of indictment was defective and void for uncertainty, inasmuch as the plaintiff in error was thereby charged with having committed the offence of a misdemeanor, when the statute under which he was indicted did not denominate the said offence a misdemeanor, or declare that the person who kept open a tippling house on the Sabbath day or night, should be guilty of a misdemeanor.

Second.  Because it was no where charged in said indictment that *the day* on which said tippling house was thereby alleged to have been kept open by the plaintiff in error, was *the Sabbath day.*

Third.  Because the indictment only charged the keeping open *one* tippling house, and not a plurality of tippling houses, which *last* only was an offence under the statute.

Fourth.  Because the indictment did not allege with certainty the year in which the offence was committed, but only alleged it was committed "in the year eighteen hundred and forty six," without designating the era or period from which said date began.

There being a want of time during the term to argue this motion, it was, at the suggestion of the Court below, agreed in writing between the Solicitor General and the counsel of plaintiff in error, that the judgment in said case should be suspended until the next term thereafter, when the motion should be argued and determined.

At the April Term, 1847, Judge Warren presiding, the motion in arrest came on to be argued, when the counsel for the plaintiff in

error, by permission of the Court below, amended the same, by adding the following grounds ;

Fifth. Because the said indictment did not allege that the town of Lanier, in which the tippling house was stated to have been kept, was in the county of Macon.

Sixth. Because it was not alleged in said indictment that the defendant sold, gave, or otherwise disposed of, to any person or persons, any liquors or drinks of any description whatever.

Seventh. Because it was not stated-in said indictment that the said tippling house, so alleged to have been kept open on the Sabbath day, was a common nuisance, or in anywise hurtful to any individual, to the neighbourhood, or to morals or religion.

Eighth. Because the verdict of the jury had not been in open court received, and recorded upon the minutes of the court, or elsewhere, and was still remaining unrecorded.

Ninth. Because no entry of said cause, or of the names of the jurors who rendered said verdict, was made on the minutes of the court or other book, during the term when said cause was tried, nor after that time.

Whereupon, after argument of counsel, the Court below overruled said motion in arrest of judgment, together with the grounds upon which the same was predicated. To which decision of the Court below the counsel for the plaintiff in error excepted.

The Solicitor General then moved to have the verdict of the jury in said cause entered upon the minutes of the Court *nunc pro tunc*, the same having been regularly received, but not recorded ; to which motion the counsel for the plaintiff in error objected. The Court below overruled the objection, and granted the motion, and the said verdict was thereupon recorded. To all which the counsel for the plaintiff in error excepted.

D. W. MILLER and W. P. GREEN, for plaintiff in error.

PATTERSON, Solicitor General for the State, was stopped by the Court.

Counsel for the plaintiff in error relied on the following authorities.

1st ground. *Prince* 646, sec. 237 ; *Penal Code, secs.* 308, 327, 328, 153, 154, 155, 156, 157, 260; 261, 121, 126, 217, 237.

3d ground. *Prince* 887, sec. 324 ; 1 *Bl. Com.* 88 and *n.* 28.

Hall *vs.* the State.

. 4th ground. 1 *Chit. Crim. L.* 217, 218.

6th ground. 1 *Chit. Crim. L.* 230, 231, 227, 228.

7th ground. 3 *Chit. Crim L.* 672 and *n. b.*; *Penal Code, secs.* 255, 258.; 1 *Russ. Cr.* 304, 305.

8th ground. *Root* vs. *Sherwood,* 6 *Johns.* 68; *Blackley* vs. *Sheldon,* 7 *Johns.* 32.

9th ground. *Penal Code, secs.* 317. 319.

WARNER, J. delivering the opinion of the Court.

The defendant was indicted for a misdemeanor, and was charged in the indictment with keeping an open tippling house on the Sabbath day, in the town of Lanier, in the county of Macon, on the 22d day of March in the year 1846, and was found guilty. There was a motion in arrest of judgment in the Court below, on several grounds specified in the record, all of which were overruled by the Court; to which the defendant excepted, and now assigns the same for error in this Court.

We have examined the several grounds of error alleged upon the record to the decision of the Court below, but have not been able to discover much merit or force in them.

The indictment accuses the defendant of the offence of a [1.] *misdemeanor*, and then proceeds to specify the particular acts of the defendant which constitute the offence. By the 1st section of the 1st division of the Penal Code, it is declared, "A crime or misdemeanor shall consist in a violation of a public law, in the commission of which there shall be an union, or joint operation, of act and intention, or criminal negligence."—*Prince* 620.

The 6th section of the 10th division of the Penal Code, declares: "Any person who shall be guilty of keeping open tippling *houses* on the Sabbath day, or Sabbath night, shall on conviction, be fined, or imprisoned in the common jail, or both, at the discretion of the court."—*Prince* 646. To keep open tippling houses on the Sabbath day, is a *violation of a public law,* and is a *misdemeanor,* as declared by the first section of the first division of the Code.

The second ground was abandoned on the argument.

The third ground insists, that as the indictment only charges [2.] the keeping open *one* tippling house, and not a *plurality* of tippling houses, no offence is charged for which the defendant can be punished—that penal laws must be construed *strictly*. In the case of *United States,* vs. *Wiltberger,* 5 *Wheaton's Rep.* 76,

Chief Justice Marshall, delivering the opinion of the court, says, "that although penal laws are to be construed strictly, they are not to be construed *so strictly* as to defeat the obvious intention of the legislature. The maxim is not to be so applied as to narrow the words of the statute to the exclusion of cases which those words, in their ordinary acceptation, or in that sense in which the legislature has obviously used them, would comprehend. The intention of the legislature is to be collected from the words they employ." In our judgment it was manifestly the intention of the legislature, from the words employed in the Code, to prohibit the keeping open a "*tippling house*" on the Sabbath day, as well as "*tippling houses.*" In Hassel's case, 1 *Leach Crown Law*, it was held under the statute of 2 George II. c. 25, which enacts that it shall be felony to steal any bank *notes*, that the offence was complete by stealing *one bank note*. So we think the defendant, by keeping open *one* tippling house, on the Sabbath day, violated the sixth section of the tenth division of the Penal Code, and was liable to be indicted and punished therefor.

[3.] The indictment alleges the offence to have been committed on the 22d day of March, in the year 1846; and the fourth objection is, that it does not state the era, or period, from which said date begins. We are of the opinion, it may *fairly* be presumed to have been in the year of our Lord, 1846, or in the year 1846 of the *Christian era*.

The fifth ground was abandoned on the argument in this Court.

[4.] The sixth and seventh grounds may be considered together, which insist that the indictment should have charged the defendant with having sold, given, or otherwise disposed of, his liquors or drink, to some person, or that the keeping open the tippling house on the Sabbath day was a common nuisance, or hurtful to individuals, or to the religion or morals of the neighbourhood.

The offence which the statute contemplates is, the *keeping open a tippling house on the Sabbath day*. The object of the legislature was to remove all temptation to idle and dissolute persons who might be disposed to congregate at such places, and violate the Sabbath by any improper conduct; to say nothing of the temptation which such a practice would hold out to an unlawful traffic with slaves on that day. The law presumes an injury to the public by keeping open the doors of a tippling house on the Sabbath day, or why prohibit it? The offence is complete under the law when it is established that defendant has kept open a

tippling house on the Sabbath day, without further proof of injury to individuals or the neighbourhood.

The eighth and ninth grounds of error assigned will be [5.] considered together.

It appears from the record that the verdict of the jury was written on the indictment, but was not entered on the minutes of the Court at the term when it was returned. The indictment was of file in the proper office, and constituted a part of the proceedings of the Court, and we do not think the neglect of the clerk to enter it on the minutes, affords a sufficient ground to arrest the judgment. The Court, at the next succeeding term, ordered the verdict to be regularly entered on the minutes of the Court, *nunc pro tunc*, as in our judgment it was proper. for it to have done, notwithstanding the objections of the counsel for the defendant. Let the judgment of the Court below stand affirmed.

Judgment affirmed.