DAVID M. YANCEY, plaintiff in error, vs. THE NEW MANCHESTER MANUFACTURING COMPANY, defendant in error.

No judicial interference is allowed under the income tax imposed by the Act, approved April 18, 1863, for the support of indigent widows and orphans of soldiers who have died or been killed in the service of this State or of the Confederate States, etc.

Injunction, decided by Judge FEATHERSTONE, at Campbell Superior Court, October Term, 1863.

Yancey *vs.* The New Manchester Manufacturing Company.

This was a bill filed by the New Manchester Manufacturing Company against David M. Yancey, Tax Collector, to enjoin the collection of what complainants alleged was an unjust and illegal assessment of taxes.   The Supreme Court decide the case upon a legal question, and it is not therefore necessary to detail the charges of the bill.

N. J. Hammond, Solicitor General, for the plaintiff in error.

Irwin & Butler, for the defendant in error.

*By the Court*—Lumpkin, C. J., delivering the opinion.

It has been intimated, not seriously argued, that the new State Constitution guarantees the right to every citizen to enter the Courts of justice for any and all purposes ; and it is true that amongst the fundamental principles set forth in the first article of that instrument, "the right of the people to appeal to the Courts shall never be impaired."   But it will be remembered that since the passage of the General Tax Law of 1804, the right to invoke the judiciary to interfere with the collection of taxes, never existed.   By the twenty-sixth section of that Act it is declared that no replevin shall lie or any judicial interference be had in any levy or distress for taxes under that law, but that the party injured be left to his own proper remedy in any Court of law.   Cobb's Digest, 1051.   This law remained of full force when the new Constitution was adopted ; and the framers of the Code, some of whom were prominent members of the Convention that drafted the new Constitution, showed their understanding of the true meaning of the provision I have quoted by inserting, or rather re-enacting in almost the same language, the clause in the Act of 1804.   Section 5,115 of the Code declares " that no replevin shall lie or any judicial interference be had in any levy or distress for taxes under the provisions of this Code, but the party injured shall be left to his proper remedy in any Court of law having jurisdiction thereof."   In fact, independent of any statutory provision, the undisturbed col-

lection of the revenue is absolutely necessary to the existence of a State.

Is this a revenue tax? We understand by revenue the annual produce of taxes, excise, customs, duties, etc., which a nation or state collects and receives into the treasury for the public use.

The Act of 1863 is declared to be "in addition to the one and one-half millions of dollars raised under the General Tax Act." It is to be paid into the State treasury and apportioned and distributed by the Governor among the counties of the State according to representative population; the amount to be paid to the Justices of the Inferior Courts, or their order, for the support of indigent widows and orphans of deceased soldiers, etc. See Pamphlet Acts, 177, 178.. And it constitutes no objection to the law that the proceeds of this income tax are appropriated to a specific object. If so, fifty or more of the tax acts of this State could not abide the test. Is it not the duty of the State to provide for the support of indigent widows and orphans of soldiers who have died or been killed in the public service, or the families of those who may be in that service? of indigent soldiers who may be disabled by wounds received in the public service, from supporting themselves? And shall the collection of the tax levied for this humane and highly praise-worthy purpose, be delayed or interfered with by the judiciary, any more than a tax imposed for various other definite objects, not one of which is more commendable?

To our apprehension the case is free from doubt or difficulty. The judgment of the Court below, granting the writ of injunction, must be reversed and the injunction dissolved.

Let the judgment be reversed.