JAMES H. HOLLAND, plaintiff in error, vs. THE STATE OF GEORGIA, defendat in error.

Distilling whisky from the seed of millet or sugar cane, was made penal by the Act of 1862, under the terms "other grain." A legislative construction of these words to that effect, is deducible from the Act of 1863.

Misdemeanor.   Tried before Judge Walker.   In Murray Superior Court.   October Term, 1863.

The plaintiff in error was put upon trial in the Court below, for illegal distillation.

*Wm. McDaniel* testified that he knew nothing in relation to the facts of this case; that whisky could, in his opinion, be made of millet, or sugar cane seed, without any mixture of corn or other grain; that it could, he believed, be made of irish potatoes and other substances; and that the beer from millet, or sugar cane seed, was of a reddish color.

*John Hutson* testified, that about the time laid in the indictment he was at a still-house in Murray Co., when he saw the prisoner, who told him that the establishment was his, and that he was running it; that he saw reddish beer there; that he saw and drank some whisky, but did not know who made it; that he did not see the prisoner engaged in stilling; that he saw no grain or malt; that he saw one John Childers

Holland vs. The State.

there, who was, he thought, engaged in stilling whisky, but witness did not know of what material he was making it, nor was he certain that he was making whisky. Upon cross examination, the witness testified that he could not tell what the whisky which he drank was made of; that he did not see prisoner engaged in any manner in stilling, and did not see any grain or malt of any kind at the still-house.

The Court charged the jury as follows:

"Did the defendant distil or cause to be distilled spirituous liquors? That is the first question; and you will determine it from the evidence. If he did distil or cause to be distilled liquor at all, did he distil it or cause it to be distilled from any grain? If it has been shown by the proof that he distilled or caused to be distilled spirituous liquors from millet, or sugar cane seed, as we usually call it, he would be guilty; for sugar cane seed is grain under the law, and no one is authorized to distil without a license from the Governor as provided for by law." To this charge, the prisoner excepted; and after a verdict of guilty, he moved for a new trial on the ground of error in the charge, and because the verdict was contrary to law and evidence, and strongly and decidedly against the weight of evidence.

The Court refused a new trial; and that refusal, as well as the charge of the Court, is assigned as error.

DABNEY, for plaintiff in error.

PARROTT, Solicitor General, for The State.

WALKER, J.

This was an indictment under the Act of November, 1862, "to prevent the unnecessary consumption of grain by distillers and manufacturers of spirituous liquors in Georgia;" and the question is, whether, under that Act, the distillation of sugar cane seed, (or millet) into spirituous liquors is illegal. The Act says, it shall not be lawful for any person, in

this State, to make any spirituous liquors " out of any corn, wheat, rye, or other grain, except for medicinal purposes," etc., and under a license.   Is millet, or sugar-cane seed, " grain ?"  We think it is.   Webster's Dictionary says, grain " is a single seed or hard seed of a plant, particularly of those kinds whose seeds are used for food of man or beast." Grain, without a definitive, signifies corn in general, as wheat, rye, barley, oats, and maize.   The sugar-cane seed come clearly within this definition ; for they are seeds used for food of man and beast, and during the war became, in some localities, a very important article of food.   Again, by the Act of April 11th, 1863, pamphlet Acts, p. 141, to amend the before recited Act, it is made unlawful to make . spirituous liquors from "corn, wheat, rye, barley, oats, *millet*, rice, or *other grain*.   This Act most clearly calls " millet " grain," for it is named with corn, wheat, rye, and " other grain," and then names other substances, such as sugar, molasses, etc., which are forbidden to be distilled.   This, we consider, a legislative construction, and one with which we are satisfied, that millet is grain, and its distillation prohibited by the Act of 1862.

It is insisted, however, by counsel for plaintiff in error, that the words "other grain" are "too loose" to embrace more than " corn, wheat, and rye ; or, at most, such grains as were at the time of its adoption, commonly raised and used by the people, for bread, and for the purpose of distillation ; and the *Act,* 14 *Geo.*, II, *c.* 6, 1 *Bl. Com.* 88 is referred to, in which " stealing sheep, or other cattle," was made felony without benefit of clergy.   But these general words, " or other cattle," being looked upon as much too loose to create *a capital offence*, the Act was held to extend to nothing but sheep. This was well enough, perhaps, in cases made capital by statute, and was in accordance with the spirit of the age. But I apprehend a different rule obtains now.   In *Hall vs. the State*, 3 *Ga. Rep.*, 22, Judge Warner, quoting from C. J. Marshall, in the case of *United States vs. Wiltberger*, 5 *Whea. Rep.* 76, says : " That although penal laws are to be

construed strictly, they are not to be construed *so strictly* as to defeat the obvious intention of the Legislature. The maxim is not to be so applied as to narrow the words of the statute to the exclusion of cases which those words, in their ordinary acceptation, or in that sense in which the Legislature has obviously used them, would comprehend. The intention of the Legislature is to be collected from the words they employ." And in that case the Court held, under the statute which prohibits keeping open *tippling houses*, that a party was guilty if he kept open a tippling *house*, on the Sabbath day. 3 *Ga. R.* 18. Again, the construction contended for would render nugatory the general clauses embraced in our penal Code, of which there are quite a number, and which have, without objection, so far as we know, been enforced for many years. The intention of the Legislature, clearly expressed, was to prohibit the distillation of all grain, and it is our duty to carry out this declared will. By the construction we give the words "other grain," we carry out the obvious policy of the Legislature, as well as give effect to their enactments. We think these words should receive their natural and appropriate meaning, and that our construction gives efficiency to the law. We do not think the verdict was aginst law and the evidence in the case. We, therefore, affirm the judgment of the Court below, on both grounds.

Judgment affirmed.