FRANK RICHARDS v. THE CITY OF BAYONNE.

The proprietor of a licensed saloon was convicted under an ordinance that forbade " keeping open" on Sunday. *Held*—

1. That this ordinance was a lawful regulation, under the city charter.
2. That its meaning was that the proprietors of public houses should temporarily cease entertaining the public.
3. That the testimony described a saloon that was "keeping open," and justified the conviction.

---

On *certiorari.*

Argued at June Term, 1897, before Justices GARRISON and LIPPINCOTT.

For the prosecutor, *William D. Daly.*

For the defendant, *Thomas F. Noonan, Jr.*

The opinion of the court was delivered by

GARRISON, J.   The prosecutor of this writ was convicted under the following ordinance:

"Sec. 14.  No person or persons licensed to keep a restaurant and beer saloon, or either, as aforesaid, within the limits of the city of Bayonne, shall *keep open* restaurant or saloon on the Christian Sabbath, or the first day of the week, commonly called Sunday, under the penalty of twenty dollars for each offence."

This ordinance was passed under the police powers contained in the city charter, and the general authority thereby given to "regulate" saloons.   The first reason assigned is "that this ordinance is unreasonable and uncertain, and does not specify in what respect it was illegal for the defendant to keep open his restaurant and beer saloon on Sunday."

To "keep open," as applied to places of business and to public houses, is a familiar expression, constantly in use.   Its meaning in the present case is clear, viz., that the proprietors of public houses shall temporarily cease to entertain the public.   It does not refer to the closing of shutters or to the barring of doors.   These may be done in order that the place may "keep open."   It is not met by the mere refusal to sell intoxicating liquors.   It means more.   As "to keep open" is a standing invitation that gives to the public a right of access and of entertainment, so " not to keep open " means that this invitation is withdrawn and that all public entertainment has ceased.   No better illustration of just what constitutes a saloon that is being kept open on Sunday can be found than that given by the witness upon whose testimony this conviction rests.

John Gorman, a police officer of the city of Bayonne, being called and sworn as a witness, testified as follows:

"I was doing my duty on West Twenty-first street on the morning of the 28th day of June, A. D. 1896, it then being the Christian Sabbath, or the first day of the week, commonly called Sunday; heard loud noise inside of Richards' place; my attention was first attracted by the loud talk of a man

and woman outside; I went through an alleyway on the east side of the saloon and went to the back door; opened same and went into the saloon; walked up to the bar; saw four or five men at the bar; dice and box were on the bar; also four glasses half full of some liquor of a light red fluid; the defendant was behind the bar with an apron on; I told him he was doing business illegally; he said he would 'not do so again; let it go this time;' there was no other door to enter the saloon, except the one in front of the house, which was locked."

This aptly describes a saloon whose proprietor had closed the doors in order to "keep open" the saloon.

The cases cited in the brief of counsel for the defendant are in point so far as identity of legislative language permits. *Harrison's Case,* 11 *Gray* 308; *Kurtz* v. *People,* 33 *Mich.* 280; *People* v. *Waldvogel,* 49 *Id.* 337; *People* v. *Cummerford,* 58 *Id.* 328; *State* v. *Ambs,* 20 *Mo.* 214; *Hall* v. *State,* 3 *Ga.* 18; *Hussey's Case,* 69 *Id.* 54; *Ring. L. Sun.* 182; 11 *Am. & Eng. Encycl. L.* 547, and cases and notes there cited.

The case of *Houtsch* v. *Jersey City,* 5 *Dutcher* 316, is not in point; the ordinance in that case specified "exposure for sale" of intoxicating liquors.

The second reason is that the ordinance is "oppressive and interferes with personal rights in that it may impose a penalty upon an act which is not in violation of law."

To this the rejoinder is that all police regulations are in the nature of interferences with unrestricted personal freedom, which thereby ceases to be a right and becomes a violation of law. The remaining reason is that the ordinance is not a "regulation" of restaurants and saloons within the meaning of the city charter, the words of which are "to license and regulate and prohibit inns or taverns, restaurants and saloons." The definition of such a regulation is that it is a partial restriction which does not wholly prohibit. The case of *Paul* v. *Gloucester County,* 21 *Vroom* 585, 590, is directly in point.

Finding no error or insufficiency in the record sent to this court, the judgment contained in it is affirmed.