THE BOARD OF HEALTH OF ASBURY PARK, DEFENDANT IN CERTIORARI, v. HERMAN ROSENTHAL, PROSECUTOR.

Argued June 4, 1901—Decided November 11, 1901.

1. In proceedings by boards of health to enforce ordinances and recover penalties, the statute (*Gen. Stat.,* p. 1642) prescribed the form of the conviction. *Held,* that a conviction following the form with exactness, excepting the omission of the words "in a summary proceeding," will not invalidate the conviction, the complaint and summons both showing that was the character of the proceeding.

2. Where the complaint charges acts which are described and defined as a nuisance by an ordinance of a board of health, it is not necessary that the conviction shall expressly charge the creation and maintenance of a nuisance.

3. Evidence returned by a police justice, as part of his transcript, not embraced in the conviction, and not required to be, under the prescribed form, and returned pursuant to any rule of this court, is not part of the record, and will not be considered by the court.

---

On *certiorari.*

Before Justices GUMMERE and HENDRICKSON.

PER CURIAM.

This is a summary conviction of the prosecutor by a police justice for an alleged violation of an ordinance of the board of health of Asbury Park. Its validity has been challenged on various grounds that might have prevailed under the requirements of the common law which have been sanctioned in *Preusser* v. *Cass,* 25 *Vroom* 533, and other cases. But in proceedings by boards of health to enforce ordinances and to recover penalties prescribed therein, the statute has prescribed the form of the conviction. *Gen. Stat., p.* 1642, § 3, ¶ 41. This form has been followed with exactness in the present case, except that it omits the words "in a summary proceeding." The complaint and summons both show that such was the character of the proceeding. The omission of the words "in a summary proceeding" cannot work injury to a defendant, and will not invalidate a conviction.

It is objected further that the conviction does not expressly charge the creation and maintenance of a nuisance, as was held to be necessary in *Morford* v. *Board of Health, &c.,* 39 *Atl. Rep.* 708. But in this case the facts are different. The ordinance describes and defines what nuisances shall be and what they shall include and embrace. And the complaint charges acts which are defined as a nuisance, and hence it is not open to the objection sustained in the Morford case. The complaint and summons are also, we think, in proper form.

We are also asked to look into the evidence returned by the police justice as part of his transcript. This evidence is not embraced in the conviction, and is not required to be under the prescribed form. Nor is it here pursuant to any rule of this court. The evidence not being properly a part of the record, we cannot examine it. *Lloyd* v. *Richman,* 28 *Vroom* 385.

There being no error in the proceedings, the writ will be dismissed, with costs.