112 Ind. 133 (2 Am. St. R. 164); 33 O. St. 246 (31 Am. R. 533); 27 Kan. 673; 54 Minn. 94 (55 N. W. 819); 81 Ill. 300 (25 Am. R. 278); 44 S. W. 422; 20 R. I. 793 (40 Atl. 236); 95 Va. 640 (29 S. E. 675); 96 N. C. 382 (2 S. E. 74); 162 Mass. 321 (38 N. E. 499); 146 Pa. St. 11 (23 Atl. 204); 99 Ind. 10; 101 Pa. St. 616; 70 Ia. 436.

---

## BREWER v. NUTT, tax-collector, et al.

SIMMONS, C. J.　Whether the plaintiff in error should or should not have paid the specific tax imposed upon the sale of malt liquors by manufacturers, the tax-collector, under the decision in *Jones* v. *Stewart*, 117 *Ga.* 977, had no authority to issue execution against him. The execution was therefore void, and its enforcement should have been enjoined.

*Judgment reversed. By three Justices.*

COBB and LAMAR, JJ., dissenting. For the reasons stated in the dissenting opinion in *Jones* v. *Stewart*, 117 *Ga.* 977, we can not agree with the majority of the court in the conclusion reached by them that the tax execution was void.

Argued June 4, — Decided June 30, 1903.

Petition for injunction. Before Judge Reagan. Spalding superior court. February 28, 1903.

Brewer presented his petition for injunction to prevent the enforcement of an execution issued against him by the tax-collector of Spalding county, for $200 tax on dealer in beer. Injunction was denied, and the plaintiff excepted. The facts were agreed on, as follows: The plaintiff does business in the city of Griffin. The Acme Brewing Company, of Macon, ships to him beer from its brewery, charging it to him and making out bills against him. When the beer is received in Griffin it is stored by the plaintiff. He takes orders for it, fills them, collects bills therefor in his name, and sends the money to the Acme Brewing Company. This company furnishes the teams for delivering the beer, and pays the plaintiff fifty cents per keg for his entire services in storing, selling, delivering, and collecting. This company has paid to the tax-collector of Bibb county the tax of $300 imposed upon its brewery by the tax act of 1902, sec. 2, par. 23. The plaintiff is not responsible for sales made to customers, but if there is a loss it is sustained by the company; and if any beer received by him is not sold, the loss is sustained by the company. The plaintiff contends that he

is not subject to pay any further license tax than that paid by the Acme ᵥcompany, but that he acts as its servant or agent. The tax-collector contends that the plaintiff is subject to that portion of the section of the tax act before mentioned which imposes a tax of $200 upon persons "engaged in the sale of beer."

*W. E. H. Searcy Jr.* and *Estes & Jones,* for plaintiff, cited 109 *Ga.* 227, 463; 68 *Ga.* 311; 62 *Ga.* 485; 59 *Ga.* 805.

*O. H. B. Bloodworth, solicitor-general,* for defendants, cited Acts 1902, p. 24; Pol. Code, § 903; 59 *Ga.* 807; 101 *Ga.* 295; 49 *Ga.* 201; 27 *Ga.* 357; 33 *Ga.* 622; 42 *Ga.* 424; 46 *Ga.* 350, 360; 48 *Ga.* 138; 106 *Ga.* 846; 67 *Ga.* 293; 33 *Ga.* 344; 29 *Ga.* 621; 15 *Ga.* 361; 2 *Ga.* 85; 3 *Ga.* 22; 34 *Ga.* 457; 35 *Ga.* 319; Cool. Tax. (2d ed.) 264; 38 Conn. 443; 94 Penn. St. 450; 5 Wheat. 76.