M. E. KENNY *et al.*, plaintiffs in error, *vs.* J. M. HARWELL,
     Tax Collector, defendant in error.

M. MEYER, *et al.*, plaintiffs in error, *vs.* J. J. McGOWAN,
     Tax Collector, defendant in error.

That portion of the General Tax Act, of 1869, which levies, for educa-
  tional purposes, a specific tax of twenty cents per gallon on every gal-
  lon of brandy, gin, whisky, or rum, whether foreign or domestic, *sold*
  by any person in this State, in quantities less than thirty gallons, and
  which provides the mode by which returns shall be made for each
  quarter of the sales in *every* year, and fixes the penalty for failing to
  make the returns required, is within the power granted to the Legisla-
  ture by Article VI., section 3 of the Constitution, and is not controlled
  by section 27 of the Bill of Rights.   WARNER, J., dissenting.

   Constitutional Law.   Taxation.   Before Judges PARROTT
and SCHLEY.   From Fulton and Chatham counties.   July
and August, 1870.

   Kenny *et al.*, of Fulton county, and Meyer *et al.*, of Chat-
ham county, filed bills against the respective tax collectors of
said counties, averring that the complainants were respec-
tively merchants in the cities of Atlanta and Savannah, and
that they had frequently (since the 1st day of January, A.
D., 1870,) sold brandy, gin and whisky in quantities less

than thirty gallons; that the said defendants, as tax collectors of the said counties, had called upon the complainants, respectively, to make returns of all liquors sold by them since the 1st day of January, A. D., 1870, and up to the 1st day of April, 1870, in quantities less than thirty gallons, and were about to issue executions against each of the complainants for the sum of $1,000 00, for his failure to make such returns, and threatened to continue to require them to make such returns on the 1st days of July, October and January thereafter, and to issue similar executions upon their failure to make such returns.

The bills further alleged that the said tax collectors were proceeding under the " 8th paragraph of the 2d section of an Act, approved March 18, 1869," and entitled "An Act to levy and collect a tax for the support of the government, for the year 1869, and other purposes," which said paragraph was as follows: "There shall be levied a specific tax, for educational purposes, of twenty cents a gallon on every gallon of brandy, gin, whisky, or rum, whether foreign or domestic, which is sold by any person in quantities less than thirty gallons, in this State; and the amount sold shall be given in under oath. Quarterly returns shall be made on the 1st days of April, July, October, and January, in each year, by all persons within the county who sell liquors in quantities less than thirty gallons, of the amount sold the preceding quarter. Said returns shall be made to the tax collector of the county, who shall demand and collect the tax due, when the returns are made. It shall be the duty of the tax collector to require all persons selling said liquors to make their returns and pay the tax thereon, and if any person shall fail or refuse to make his return and pay said tax, he shall be assessed, by the collector, a specific tax of $1,000 00, and the collector shall proceed to collect the same by execution, as in other cases of taxes due and unpaid; to go in effect from and after the 1st day of January, 1869." And the complainants in-

sisted that the tax collector could not proceed under this clause of the said Act.

The prayer of the bills was for the writ of injunction to restrain the tax collectors from proceeding, as alleged, to collect the tax specified, and for general relief.

The argument on bill from Fulton was before Judge Parrott, and on the one from Chatham, before Judge Schley. Both bills were dismissed, on demurrer, for want of equity. And this is assigned as error. They were argued here separately, but the Court consolidated them in delivering the opinion.

Hulsey & Tignor, for Kenny *et al.* R. E. Lester, for Meyer *et al.* The 8th paragraph of section 2, of Act of 1869 (quoted above) is unconstitutional: 27th section of Bill of Rights, 1868; Constitution 1868, Article VI., sec. 3d. Equity can restrain these tax collectors: R. Code, secs. 3026, 3027, 667, 3040, 3045; 27th Ga. R., 354. Power to tax is power to destroy: 4th Wheat. R., 316. *Congress* may regulate commerce: 7th Howard R., 283; Law Times, 197. Constitution subordinate to Bill of Rights: 11th Ark. R., 484; 13th, 267; 11th Mo. R., 13; 2d Yerger R., 605; 3 Humph. R., 483; 11th Mass. R., 396; Livingston vs. The City of Albany, 41st Ga. R., 21. The Act of 1869, in said quoted section, contains matter different from its title: Constitution 1868; 5th Par., sec. 4. The $1,000 00 is a penalty.

J. D. Pope, for tax collectors.

McCay, J.

Section 27, Article I., of the Constitution of 1868, is as follows: "The power of taxation over the whole State shall be exercised by the General Assembly only to raise revenue for the support of the government, to pay the public debt, to provide a general school fund, for the common defense, and for public improvement. And taxation *on property*

shall be *ad valorem only* and *uniform upon all species of property taxed.*" Article III., section 5, paragraph 1, is as follows: " The General Assembly shall have power to make all laws and ordinances, consistent with this Constitution and not repugnant to the Constitution of the United States, which they shall deem necessary and proper for the welfare of the State." Article VI., section 2d, after devoting to the purposes of common schools, the poll tax and certain other funds, proceeds to devote to that purpose "a *special* tax on shows and exhibitions, and *on the sale of spirituous and malt liquors,* which *the General Assembly is hereby authorized to assess.*"

The Legislature of 1869, in its General Tax Act, after taxing property generally, undertook to assess the tax provided for in Article VI., section 2d, by laying, for purposes of education, a tax of twenty cents per gallon upon the sale of whisky, brandy, etc., in quantities less than thirty gallons. It is contended that this tax is a tax upon *property*, and that, as it taxes the sale of these liquors twenty cents upon *each gallon* sold, without regard to its value, it is not *ad valorem* and uniform, as required by Section 27, Article I., of the Constitution.

Is this a tax upon property? This Court, in the case of *The City of Albany*, at the last term, held that a tax laid by the City of Albany, of fifty cents upon every mule sold in the city by drovers, was a void tax, because it was a tax upon *property*, and not *ad valorem;* and, though upon reflection, I greatly doubt whether that decision was right, upon the ground on which it was put, I am not disposed to disturb it. If the tax in that case was a tax upon property, it was, in my judgment, void, not only because it was not *ad valorem*, but because it was not *uniform* upon all species of property taxed. It selected a certain kind of property, and taxed *that* differently from other property, and hence the tax, whether specific or *ad valorem*, was not a uniform tax on all species of property taxed. The opinion expressed in that case, that the

city might tax the sale of mules *ad valorem,* was not a point in the case before the Court, nor properly involved in the decision of it.

That a tax upon the sale of an article is a tax upon the article, as property, *is,* however, *decided* by that case, and whether rightly or wrongly, this Court is, under section 204 of the Code, required to adhere to it, until it is overruled in the manner there prescribed. I do not, therefore, put my judgment in this case on the ground that this is not a tax upon property.

For the purposes of the argument, it may be admitted that this is a tax upon property, and that it is neither *ad valorem* nor uniform—that is, it is not laid according to the value of the thing taxed, and that the tax is a tax not laid upon other property. It is, in my judgment, nevertheless, strictly a constitutional tax. The power to lay it is derived from Article VI., section 2d, of the Constitution. It is an express power, and the Act conforms to the very terms of the grant. That section devotes to the common school fund "a special tax on shows, exhibitions, etc., and *the sale of spirituous and malt liquors—which the General Assembly is hereby authorized to assess."*

In my judgment, it was the particular intent of this clause of the Constitution, to authorize a tax which should *not* conform to the requirements of Section 27 of Article I—that is, to authorize a tax upon these particular things which should not be *ad valorem,* and should not be uniform with the tax the Legislature might lay upon other property.

I can see no other motive for this special grant to the Legislature of a power to lay a tax on the sale of spirituous liquors. I cannot escape the thought, that this authority was here given because it was supposed that if such a grant was not inserted, some other portion of the Constitution would make the tax here devoted to education illegal.

It must be remembered that the taxing power in the General Assembly is no where expressly granted, except in this

clause.  The taxing power, the Legislature has, under its general power, to do all things consistent with the Constitution.  Why was it supposed necessary to insert in Article VI., section 2, an authority to lay a special tax upon the sale of spiritous liquors?  In my judgment it was but for one reason:  Such a tax would not be *ad valorem,* and would be a violation of the principle asserted in Article I, section 27th, as to uniformity.  It authorized a tax upon a particular kind of property, and authorized that tax to be a special one.  It was, therefore, thought necessary to give the General Assembly *in terms,* the power to assess it.

To say that the tax to be assessed under Article VI., section 2d must conform to the provisions of Article I, section 27, is to make the grant of power in Article VI., section 2d wholly unnecessary, as the General Assembly would have the power without this special grant.  The taxing power, so far as the mode of its exercise is concerned, is unlimited, except as it is limited in Article I., section 27th; and if the power granted in Article VI., section 2d is only to be exercised as limited in Article I., section 27th, then the grant in Article VI., section 2d is wholly useless.  The words are surplussage—they grant a power which existed without them.  I do not so understand the Constitution.  Article VI., section 2d was intended to make the tax then devoted to education an exception to the general rule laid down in Article I., section 27th, and unless it means this it was a mere waste of words.  A tax upon sales, *so far as it is a tax upon the property sold,* cannot, from the very nature of it, be a tax according *to the value of the property.*  A gallon of liquor may be worth $1 00, and be sold in the course of a year half a dozen times.  Another gallon may be worth $5 00, and not be sold at all.  It is absurd to say such a tax is *ad valorem* on the property.

Suppose now, this tax, instead of being a tax of twenty cents per gallon, were a tax of twenty per cent. on the value of each gallon sold.  Here is a man who has a barrel of brandy.  He sells it; it is resold; it is then retailed.  It

pays three taxes of twenty cents.  It is absurd to speak of such a tax as an *ad valorem* tax upon the property, as a tax according to the value of the thing taxed.  Two things of precisely the same value pay a different tax, and a thing worth $1 00 pays a greater tax than one worth $2 00.  The truth is, a tax upon the sale of a thing *cannot be* a tax upon the value of the thing, or a tax of the thing according to its value.  It is and must be a tax upon the thing, not acording to its value, but according to the number of times it is sold.

From the very nature, therefore, of this grant to tax *the sale* of spirituous liquors, from the very terms used, it follows that Article I, section 27th, is not to control it, since property *cannot* be taxed *ad valorem* by taxing the sale of it. You may tax *the sale* according to the value of the property sold, but it is *impossible* to tax *property* according to its value, by taxing the sale.  It must happen that property of the same value will pay different taxes, and it will happen that property of a lower value will pay more tax than property of a higher value, simply because it may be oftener sold.

The framers of the Constitution did not intend by section 27th of Article I., of the Constitution simply to fix a mode *of computation*.  The idea was that all kinds of property taxed should be *burdened* according to its value, and that this burden should be uniform on every species of property taxed, according to the value thereof.

A tax upon the sale of property is a violation of this fundamental principle, so far as it is a tax upon property at all, since, in the very nature of the case, it is sure to happen that one kind of property will be sold oftener during the year than another.  Such a tax *can* be neither uniform nor according to value.  The framers of the Constitution felt this, and when they devoted a special tax, upon the sale of liquor, to education, they felt that, as such a tax, it could not, in its very nature, be a tax upon the property, according to its value; and they granted, *in express terms, power* to the Legislature to lay *such a tax*, notwithstanding the limitation

they placed, as a general rule, on the taxing power by section 27th of the Bill of Rights, to-wit: Article I. The Constitution is to be construed altogether; one part of it is just as high in dignity as another. And where, in Article VI., it grants a power to tax the sale of liquor, by a special or specific tax, it intends to grant a power, exceptional in its character, and not controlled by the limitation upon the general taxing power contained in Article I., section 2d. This, as I understand it, was the *sole purpose of the grant*—this was a necessity; for a tax upon the sale of property, so far as it *is* a tax upon the property, cannot, in its very nature, be a tax, according to the value of the property.

It is clear, therefore, to my mind, that the tax upon the sale of spirituous liquors of twenty cents per gallon on each gallon sold, is a tax which the General Assembly is specially authorized to assess, and that the very object and intent of the Constitution, by Article VI., section 2d, was to grant a power, not controlled by the limitation upon the general taxing power, contained in Article I., section 27.

Article I., section 27, applies to taxes upon property generally. Such taxes must be *ad valorem* only; that is, they must be burdens upon the property in proportion to its value, and in addition, the taxes must be uniform upon all species of property taxed. That is, that, whilst certain property may be exempt entirely from taxation, the Legislature shall not tax one kind of property at one rate, and another kind at another rate. But the tax on liquors, or on the sale of liquors, was intended to be an exception to both these rules. The Tax Act of 1869, though its title, is: "An Act to levy and collect a tax for the support of the government for 1869, and for other purposes," in the body of it, and, indeed, in this very clause, clearly provides that the specific tax laid shall be laid from year to year. Indeed, this is our mode of passing tax laws. The Code points out, in general, the *subjects* of *taxation*, and fixes the list of specific taxes. The tax is assessed upon this according to the appropriations. The

main body of the tax laws, including the list of specific taxes, remain, from year to year, the same, unless altered by legislation.

We see nothing in the provision for the continuance of this tax, or rather in the implication in section 8th, that it shall continue, that is different from the title, as all our tax laws continue until altered. Such has, for years, been our system, though there were variations from year to year being, in fact, alterations of the Code, and unless they are themselves altered, they will continue.

For myself, I do not see why these cases do not fall within section 3618 of the Revised Code. If this is not a call for judicial interference, in the collection of the revenues of the State, I am not able to imagine a case.

The case in 33*d Georgia*, 623, is exactly such an one as this. There it was claimed that the tax was illegal—such an one as the Legislature had no power to assess. Yet the Court unanimously held, that a Court of Equity could not interfere by injunction. It is attempted to say, that this section of the Code cannot apply if the bill insists that the Act laying the tax is unconstitutional. But there is no such exception in the Code.

It is claimed that the Constitution expressly provides that the judiciary shall declare unconstitutional laws invalid. True. But does it follow that it may do this by injunction against the officer who is collecting the tax? The Code expressly says that, notwithstanding the provision against judicial interference, the party may have the proper proceedings at law for redress. He may sue the collector. But he must pay the tax. The Government is not to be stopped, by its own Courts, in the collection of its revenues.

This has been the law of this State since 1804. It is the law of the United States, where the judiciary has the same power over unconstitutional laws as has the judiciary of this State, and it is a law founded on a sound public policy.

Judgment affirmed.

LOCHRANE, C. J., concurring.

This question comes before the Court under the Act of 1869, and involves the constitutionality of the Act of the Legislature taxing persons for the sale of liquors in quantities less than thirty gallons, in the amount of twenty cents per gallon, on every gallon sold. The first point raised on this Act of 1869, is, that it is limited by its title to taxes imposed only for that fiscal year. We do not deem it necessary to enter into any discussion in relation to this point, as we feel satisfied the Act remains in force until altered, modified or repealed by the Legislature. The main question in this case arises under the construction of the declaration of rights, section 5102 of the Code, which declares that "taxation on property shall be *ad valorem* only, and uniform on all species of property taxed." If the provisions of the Act of 1869 are held to be a tax on liquor as property, then it is conceded such tax, to be *ad valorem*, must refer to the value, and such Act in its terms would be a violation of the Constitution. By section 5217, the Constitution authorizes a special tax on the sale of spirituous and malt liquors, and is, therefore, not within the constitutional provision of *ad valorem* taxation. The Act of 1869 imposes, for educational purposes, a tax of twenty cents per gallon on every gallon of brandy, gin, whisky, or rum, either foreign or domestic, which is sold by any person in quantities less than thirty gallons, in this State. Is this a tax upon the property, or upon the sale of the property? If upon the property, it is unconstitutional; for all property must be taxed *ad valorem*. If a tax upon the sale, then it is constitutional; for a tax on sales is authorized by the Constitution and may be specific, and not *ad valorem*. My opinion is, that it is a specific tax on sales within the power of the Legislature to impose, and the mode of its collection may be enforced as provided for in the Act and the language of the law upon failure of the party making his return, fixing the amount of the assessment at such sum as

the basis of the amount of tax due, and may be levied and collected by tax-collectors under the usual forms of law. And for these reasons I concur in the judgment of the Court.

WARNER, J., dissenting.

This was a bill filed by the complainants against the Tax Collector of Fulton County, praying for an injunction, to restrain him from assessing a specific tax of $1,000 00 against each of them, for failing to return and pay the tax imposed by an Act of the General Assembly, passed on the 18th day of March, 1869, which provides for the laying a *specific* tax for educational purposes, of twenty cents per gallon, on every gallon of brandy, gin, whisky or rum, whether foreign or domestic, which is sold by any person, in quantities less than thirty gallons in this State, on the ground, that said Act is in violation of the Constitution of 1868. On the hearing of the case, the Court below dissolved the injunction and dismissed the bill for want of equity, to which the complainants accepted. The 27th section of the I. Article of the Constitution declares, that "taxation on property *shall be ad valorem only,* and *uniform* on all species of property taxed." The 3d section of the VI. Article of the Constitution authorizes the General Assembly to assess a special tax on shows and exhibitions, and on the sale of spirituous and malt liquors, for educational purposes. That the General Assembly have the power and authority, under the Constitution, to assess a special tax on the sale of spirituous and malt liquors, is not disputed; that spirituous and malt liquors are one species of property, cannot be denied. In what manner, then, according to a fair construction of the Constitution, is this special tax on the sale of this species of property to be assessed? Is it to be assessed *ad valorem,* on each gallon sold, or is a *specific* tax to be imposed on each gallon sold, without any regard to its value? In other words, has the General Assembly the power and authority, under the Constitution, to impose a *specific* tax of twenty cents per gallon on every gallon sold, regardless of

*the value thereof.* It is conceded, that the General Assembly could not tax it as *property*, otherwise than *ad valorem.* If not, upon what principle can the General Assembly tax *the sale* of that property, otherwise than *ad valorem?* Whether spirituous or malt liquors are taxed as one species of property, or whether the tax is assessed on *the sale* of that species of property, the burden of taxation, whatever it may be, falls upon *that property;* and unless the tax imposed be an *ad valorem* tax, it will not be a *uniform tax,* as required by the Constitution.

The argument, that there is a distinction between taxing spirituous and malt liquors *ad valorem* as property, and the taxing the sale thereof by a different mode, is too refined and *shadowy* to receive the approval of my judgment. If the General Assembly had imposed a tax of twenty cents on *the value* of each gallon sold, or on the value of the gross amount of spirituous and malt liquors sold by any person, then it would have been a lawful tax under the Constitution, but the Act imposes a *specific* tax of twenty cents per gallon on every gallon of brandy, gin, whisky, or rum, sold by any person, in quantities less than thirty gallons, without any regard to *the value thereof.* The mandate of the Constitution is, that taxation on property shall be *ad valorem only,* and *uniform* on all species of property taxed. And the same principle of taxation should be applied to property when sold—that is to say, when the General Assembly assess a tax on the sale of spirituous and malt liquors, that assessment must be made *ad valorem* in order to make it *uniform.* If one man sells nothing but brandy, worth $10 00 per gallon, and another sells nothing but whisky, worth $2 00 per gallon, and each has to pay a *specific* tax of twenty cents on each gallon sold, without any regard to *the value* thereof, the tax would not be *uniform;* the burden of the tax would operate *unequally* upon those who sold spirituous and malt liquors. And, therefore, the Act violates the principle ordained and established by the Constitution for the assessment of taxes, either

on property or the sale thereof. If it is a correct principle of taxation, that it shall be *uniform* on all species of property taxed, why should not the tax be *uniform* on the sale of any species of property? In the case of *Livingston vs. The City of Albany,* decided at the last term of this Court, it was unanimously held, that a *specific* tax of one dollar per head on each mule or horse *sold* by drovers, was void under the provisions of the 27th section of Article I. of the Constitution of 1868, on the ground that such a tax was not an *ad valorem* tax; as one of the animals sold might be worth $100 00 and another $500 00. The principle decided in that case is applicable to, and must, in my judgment, control this case. In that case, the *ad valorem* principle of taxation was applied to *the sale* of property, by drovers, so as to make it operate *uniformly* upon that class of traders.

The complainants do not seek, by their bill, to enjoin the collection of any execution or distress-warrant issued for taxes, but to enjoin the collector from assessing a specific tax of $1,000 00 against each one of them for failing to make returns and pay a tax which is *unconstitutional* and *void.* In other words, they say that there is no tax due, as claimed, either under the provisions of the Code or any other law. Clearly, the tax claimed does not arise under any provision of *the Code,* which prohibits any judicial interference. I am, therefore, of the opinion that the judgment of the Court below, dissolving the injunction and dismissing the complainants' bill, should be reversed.