Cody *et al. vs.* Lennard.

---

J. A. & W. H. CODY *et al.*, plaintiff in error, *vs.* J. LENNARD, tax-collector, defendant in error.

(BY TWO JUDGES.)—The writ of prohibition does not lie against a tax collector who is alleged to be proceeding to levy an illegal tax. The parties complaining must pay the tax, and then pursue their remedy against the tax collector as an individual. 12th March, 1872.

Judicial interference with taxes. Before Jukge JOHNSON. Muscogee Superior Court. May Term, 1871.

J. A. & W. H. Cody and various others, averred as follows: The Tax Act of 18th March, 1869, levied a specific tax, for educational purposes, of twenty cents per gallon on every gallon of brandy, etc., sold by any person in quantities less than thirty gallons, requiring vendors of such liquors to make a quarterly return to the tax-collectors of the quantity sold by them, and pay the tax, and, upon failure to do either, the tax collector shall assess against such person a specific tax of $1,000, and proceed to collect it. Each of them is a citizen of said county, and a seller of such liquors. By the Constitution, no such specific tax can be laid, except for the support of common schools. The General Assembly has established no system of common schools, but, on the contrary, had directed that the poll-tax of 1868, 1869 and 1870, which belonged to the school fund, be not collected, because no such system had been established. Nay, more, they have used up all the educational fund raised by poll-tax and specific taxes, by the Constitution devoted solely to educational purposes. It is, therefore, unconstitutional to collect such taxes on liquors. Nevertheless, said Lennard, tax collector, insists upon their making returns and paying taxes, as aforesaid; and if they fail or refuse to make the return, and pay the taxes, he will collect the $1,000 specific tax. They prayed that he be prohibited from requiring said returns, and collecting said taxes. He was required to show cause why the prohibition should not be granted. He answered that he was proceeding under the law and the instructions of the Comptroller General to collect said taxes, denied the non-existence of a common school system in Georgia, and said that the Act in question was constitutional. The writ of prohibition was denied, and of that complaint is made here.

H. L. BENNING, for plaintiff in error. The Act of 1869 is unconstitutional, because there is no common school system: Constitution, Article 6, sections 1, 2, 3; Article 1, section 27. No such school system was inaugurated till by the

Act of October, 1870. See School Act. *Kenney et al.,* vs. *Harwell,* May, 1871, does not decide this case. Prohibition is the remedy: Revised Code, sections 3145, 3146, 3148 Constitution, Article 2, section 32. Judicial interference confined to taxes *under the Code:* Revised Code, section 3618. By Constitution right to appeal to Courts not to be impaired: Constitution, Article 1, section 5.

B. A. THORNTON, Solicitor General. A school system was inaugurated before this tax was demanded: See *Kenney et al., vs. Harwell & McCowan vs. Davidson et al.,* decided last Term.

MONTGOMERY, Judge.

This was a petition for the writ of prohibition against the tax collector of Muscogee county, to prevent the collection of twenty cents per gallon on liquors sold by the petitioners, and also to prohibit him "from assessing and collecting from them a tax of $1,000 should they fail to pay said liquor tax," under the Tax Act of 1869.

The Court refused to grant the writ, (upon what ground is not stated) and his decision is excepted to. As the tax collector distinctly makes the issue in the record that the Court is prohibited from interferring, by Revised Code, section 3618, we presume the decision of the Court is based upon that section. At least, two cases have lately been before this Court, where it was sought to restrain the tax collector by injunction, from collecting taxes alleged to be illegal, in neither of which does the present question appear to have been made, and the Court proceeded to pass upon the merits of the case: *Kenney et al., vs. Harwell,* 42 Georgia, 416. *McCowan, tax collector, vs. Davidson et al.,* from the Eastern Circuit, July Term, 1871. It might well be that the Executive desired the question made in this shape before the Courts in order to inform his conscience as to whether he should enforce the collection of an alleged illegal tax, and so waived the question of jurisdiction. In the earlier decisions of the Court, however,

it is laid down, that no judicial interference with the collection of a tax due the State can be had.   The Tax Act of 1804 reads "no replevin shall lie, or any judicial interference be had, or (in?) any levy or distress for taxes under this law, but that the party injured be left to his proper remedy in any Court of law."   Judge Lumpkin, after quoting the Act in *Vanover et al., vs. Justices of the Inferior Court,* 27 Georgia, 357, says, "The judicial interference forbidden here is for any levy or distress for taxes, under the Act of 1804, which is still of force, and the basis of all our general tax laws.   By strict construction, the inhibition would only apply to the Act of 1804.   It is but right, however, to extend it to all tax laws in favor of the State, and amendatory of the Act of 1804."   The language of the Code, section 3618, is precisely the same with the Act of 1804, with the exception that "under the provisions of this Code," is substituted for "under this law."   The same interpretation should be given to it, and the prohibition extended to interference with collection of taxes under Acts subsequent to the Code.   The principle embodied in these laws is perhaps correct, and the reason is thus stated by Judge Benning, in *Eve vs. The State,* 21 Georgia, 59:   "On general principles is it not best that this power should be withheld from the Courts?   How could a government calculate with certainty upon its revenues, if the collection of the taxes was subject to be arrested in every instance in which a tax-payer or a tax collector could make out, *prima facie,* a technical case for arresting such collection.   Far better is it, I think, to let the individual pay to the government what it demands of him, at the time of the demand, as he will be certain to get it back with interest, after more or less of delay, if it was not due."   See also *Yancy vs. The New Manchester Manufacturing Company,* 33 Georgia, 622.   The view we take of the case makes it unnecessary to consider the other questions raised.

Our judgment is, (keeping in view that the effort here is to restrain the collection of a tax due *the State,* it not being

our intention to overrule the case of *Vanover vs. The Justices of the Inferior Court*, 27 Georgia, 354,) that the prohibition does not lie in this case.

Judgment affirmed.