JOHN P. WHITE, plaintiff in error, vs. THE STATE OF GEORGIA et al., for use, etc., defendants in error.

1. A tax collector who has settled his tax digest with the state and county, may use the executions he has issued against delinquent tax-payers to reimburse himself by collecting from them their unpaid taxes, but he is not entitled to the immunity from judicial interference which the law provides for the state, and he can only collect such tax as is legally due.

2. One who comes into this state after the first day of April of any year, and has no property here before or at the time, is not liable to pay tax to the state or county for that year.

3. If one has duly given in all his taxable property to the tax receiver at its proper value, and the tax collector assess a double tax against him for other property which the tax-payer does not in fact have, such double tax is illegal.

Taxes. Judicial interference. Execution. Before Judge STROZER. Dougherty Superior Court. April Adjourned Term, 1873.

Two tax executions for the use of R. T. Gilbert, tax collector, for the years 1868 and 1869 respectively, the first being for $71 20, and the second for $63 40, against John P. White, were levied upon certain property as belonging to defendant. An affidavit of illegality was filed on the grounds that defendant was not a citizen of the state of Georgia on April 1st, 1868, and that he made return for the year 1869 of all the property he then owned. The evidence upon the issue thus formed presented the following facts:

The defendant moved from the state of Louisiana to the county of Dougherty on May 15th, 1868. He then had about $8,000 00 in notes and money. Meeting the tax collector on the street, he told him that he must return his property for taxation, which he accordingly did. Subsequently ascertaining that, under the circumstances aforesaid, his property was not liable to taxation for the year 1868, he refused to pay. He used his notes and money for the purchase of a plantation, which he still owns. For the year 1869, he returned said plantation and paid the tax due there-

on. He gave in no notes and money, as he then had none. He was taxed as a defaulter for said last year because he failed to return said $8,000 00 in notes and cash, which he had on hand when the return for the previous year was made. The tax collector had settled with the state and county for the year 1868, and had paid over the amount now sought to be collected from White for that year. He had settled with the county also for the tax of the year 1869.

The defendant requested the court to charge the jury as follows :

1st. "That a citizen is not liable to taxation for the year who comes into the state and county after the 15th day of May of that year, and if the jury believe White did not come into the county and state until then, he was not liable to tax in 1868."

2d. "That if the jury believe that the two *fi. fas.* have been paid by Gilbert, the tax collector, to the state of Georgia, they are proceeding illegally *pro tanto, i. e.,* as to the amount due the state, and cannot be enforced, there being no transfer to him. That if the tax to the county has been paid by Gilbert, then he could not make use of the *fi. fa.* in this way to collect what was pretended was county tax."

The court refused so to charge, and defendant excepted.

The court charged as follows :

" Parties cannot stop a tax *fi. fa.* except in cases where the tax was unauthorized by law, or where it was assessed upon property not subject to taxation, and not even in those cases without special circumstances showing that the collection of the tax would be likely to produce irreparable injury, or cause a multiplicity of suits."

To which the defendant excepted.

The jury found for the plaintiffs with twenty-five per cent. damages. Error is assigned upon each of the above grounds of exception.

HINES & HOBBS, for plaintiff in error.

VASON & DAVIS, for defendants.

McCay, Judge.

1. The immunity from judicial interference allowed by the Code, section 3668, is a high prerogative, granted alone to the state, and in my judgment of very doubtful constitutionality at best. But there is nothing in that section extending it to cases of private individuals when there is no pretense of any thing due the state. The ground upon which the constitutionality of this act is defended, is that the state must not be delayed in its collections, and that if any money is unjustly paid, the legislature will do right by the party paying it. But when the tax collector has settled with the state, the state necessity for this essentially tyrannical exemption ceases, and though the tax collector may use the process it has lost its invincibility with the necessity which made it defensible. We are strongly inclined to the opinion that the legislature could not grant the right insisted on, if in plain terms it were to attempt it. The constitution gives to every citizen the right of appeal to the courts, and though the state itself may not in all cases be brought to the bar, we are, as we have said, strongly inclined to say, that it cannot confer by any indirection this exemption upon others.

2. Was this tax legal? Clearly under the settled rule in this state the day fixed to determine what and who is taxable for the current year is the first of April. That is the express provision of the Code, section 834. This tax was therefore illegal, as the defendant in error was not on the first of April a resident of the county nor even of the state.

3. So, too, we think the next year's tax—double tax—illegal. The proof is that the legal tax for that year was given in and duly paid. Why should there be any assumption that because a tax payer has cash on hand one year that he has it also the next. It is but natural that he should invest it, as the proof shows was done in this case, and the tax on the investment duly paid.

Judgment reversed.