JOHN S. LINTON, plaintiff in error, *vs.* THE MAYOR AND COUNCIL OF THE CITY OF ATHENS, defendant in error.

1. The question of taxation is one of power, and the exercise of it is vested in the law-making department of the government, and when that department has exercised its judgment in relation to the assessment of taxes, the courts have no power to interfere on the ground that the tax is unfair or unjust, unless the fundamental law of the land has been violated.

Linton *vs.* The Mayor and Council of the City of Athens.

2. That land located within a municipal corporation was used for agricultural purposes, and the owner derived no benefit from the city government, was no ground to enjoin the collection of the taxes assessed by the municipal authorities, especially where such owner purchased said property after the corporate limits had been extended so as to cover the same.

Taxes. Constitutional law. Municipal corporations. Before Judge RICE. Clarke Superior Court. August Term, 1874.

This case is reported in the decision.

SPEER & THOMAS, for plaintiff in error.

Private property not taken for public use without compensation. Taxation on agricultural lands for corporate purposes should be enjoined : Buell *vs.* Ball, 20 Iowa, 288 ; Bradshaw *vs.* City of Omaha, 1 Nev., 16 ; City of Henderson *vs.* Lambert, 8 Bush., 610 ; Fulton *vs.* City of Davenport, 87 Iowa, 405 ; Morford *vs.* Anger, 8 Iowa, 82 ; Chaney *vs.* Hooser, 9 B. Mon., 330 ; Deedy *vs.* Lambon, 26 Iowa, 419 ; Gillette *vs.* City of Hartford, 31 Conn., 351 ; 2 Dillon on Mun. Corps., 633 ; Cooley on Lims., p. 504.

COBB, ERWIN & COBB; S. P. THURMOND; T. W. RUCKER, for defendant.

1st. Constitutional provision as to exercise of right of eminent domain has no application to this case : Sedg. on Cons. and Stat. Law, p. 498, *et seq.;* Dwarris on Stat., p. 403, *et seq.;* 4 N. Y., 432 ; Cooley's Cons. Lims., pp. 497, 498.

2d. General assembly authorized to pass such law : Cons. of 1868, par. 1, sec. 1, art. 3 ; par. 1, sec. 5, art. 3.

3d. Courts cannot control discretion of legislature : Frederick *vs.* Mayor and Council of Augusta, 567 ; 4 N. Y., 432 ; Cooley's Cons. Lims., pp. 513, 164, 168, 171.

WARNER, Chief Justice.

This was a bill filed by the complainant against the defendant, praying for an injunction to restrain the collection of

a tax execution issued by the defendant against the complainant's property, on the ground that the tax is illegal. When the motion for an injunction came on to be heard, the defendant demurred to the complainant's bill for want of equity. The court sustained the demurrer, and the complainant excepted.

1. The complainant alleges that he is a farmer by occupation, and in order to carry on said occupation he, many years ago, purchased a valuable tract of land in the county of Clarke, situated about one mile and a half from the centre of the city of Athens, and is now engaged in the occupation of said land solely for agricultural purposes; that in 1815 the corporate limits of the town of Athens were extended one mile in every direction from the college chapel; that in 1842 the limits of said town of Athens were extended to prevent the sale of liquors and establishment of lewd houses in close proximity to Franklin College, situated in said town, and not for the purpose of increasing the municipal revenue; that in 1872 the general assembly passed an act amending the charter of the town of Athens, making it a city, the authority and jurisdiction of which was extended a distance of two miles in every direction from the college chapel. It will be noticed that the complainant does not allege in his bill what distance from the college chapel the act of 1842 extended the corporate limits of the town, but by reference to that act it appears that the corporate limits of the town were extended by it two miles from the college chapel, and the act of 1872 does not extend the limits of the city of Athens any further than the corporate limits of the town of Athens were extended by the act of 1842; nor does the complainant allege at what time he purchased the land, but it was conceded on the argument that he purchased it subsequent to the year 1842. The complainant alleges in his bill that he is annually subjected to the payment of a tax of $99 10 on his land by the municipal corporation, without deriving any benefit therefrom, as no part of his land is required for streets or houses, or any other purpose connected with the municipal organization of the city of

Linton *vs.* The Mayor and Council of the City of Athens.

Athens, but is used by him exclusively for agricultural purposes, and that the result of the imposition of said tax on his land is to take his private property for public use without any compensation whatever, and therefore the law which imposes the tax upon his land within the corporate limits of the city, is unconstitutional and void.   The power of taxation is vested in the sovereign authority of the state; no constitutional government can exist without it; its exercise is essential to the very existence of the state government.   As was said by Chief Justice MARSHALL, in the case of The Providence Bank *vs.* Billings, 4 Peters' Reports, 561: "It resides in the government as part of itself, and need not be reserved where property of any description, or the right to use it in any manner, is granted to individuals or coporate bodies.   However absolute the right of any individual may be, it is still in the nature of that right that it must bear a portion of the public burdens, and that portion must be determined by *the legislature*.   This vital power may be abused; but the interest, wisdom and justice of the representative body, and its relations with its constituents, furnish the only security against unjust and excessive taxation, as well as against unwise taxation."   By the constitution of this state, the power of taxation over the whole state shall be exercised by the general assembly only to raise revenue for the support of government, to pay the public debt, to provide a general school fund, for common defense, and for public improvements; and taxation on property shall be *ad valorem* only, and uniform on all species of property taxed.   The general assembly may grant the power of taxation to the county authorities and municipal corporations, to be exercised within their several territorial limits.   There is no pretense that the land of complainant, which is taxed, is not within the territorial limits of the municipal corporation, and that it was within those limits when he purchased it, or that the rate of taxation is greater than is authorized by the charter of the city, or that it has not been assessed upon the *ad valorem* and uniform principle as required by the constitution; but the complaint is, that inasmuch as he has no use for the municipal organ-

ization, and inasmuch as it is of no practical benefit to him therefore, to tax his land $90 00 a year for the benefit of the corporation, is taking his private property for public use without compensation, and therefore the law which authorizes the assessment and collection of the tax on his land within the limits of the corporation, is unconstitutional and void. Tax laws, as well as all other general laws, sometimes operate harshly in individual cases, and we suppose always will, owing to the imperfection of human legislators. A man living within the limits of a municipal corporation, of large property, who has no children to educate, might think it hard and unjust that his property should be taxed to raise a school fund to educate other people's children. So a man living within the limits of a municipal corporation, who had no use for a street railway, might think it hard that his property should be taxed to build one. In these cases, and many others which might be cited, the individuals whose property might be taxed would have no more personal interest in the special object for which the tax was levied than the complainant has in the municipal corporation of the city of Athens and its organization. The question of taxation is one of power, and the exercise of it is vested in the law-making department of the government, and when that department has exercised its judgment in relation to the assessment of taxes, the courts have no power to interfere on the ground that the tax is unfair or unjust, unless the fundamental law of the land has been violated. The collection of all taxes is, in a certain sense, the taking of private property for the use of the public, and the case made by the complainant does not constitute an exception to the general rule. Taxing his property within the limits of the city for the benefit of the municipal corporation is no more taking private property for the use of the public than the taxing of a man's property, who had no children, to raise a fund for the education of other people's children within the corporate limits of the city, would be the taking of private property for the use of the public. It is nothing more than the exercise of the sovereign authority of the state—its legislative will

upon the subject of taxation—an inherent power which belongs to the state.  It is true that this general power of taxation may be abused by the law-making power of the state, but the remedy for such abuse is in the vigilance of the people over the conduct of their representatives in making extravagant expenditures and taxing the people for the payment thereof.

2.  By the constitution, the general assembly of this state have power to make all laws and ordinances, consistent with the constitution, and not repugnant to the constitution of the United States, which they shall deem necessary and proper for the welfare of the state.  In 1842, the general assembly deemed it necessary and proper to extend the corporate limits of the town of Athens two miles in every direction from the college chapel.  Whether this was done for the benefit of Franklin College, or for other reasons satisfactory to the law-making power, it is not material to inquire.  In 1872, the general assembly, in amending the charter, confirmed the extension of the corporate limits of the city as the same existed by the act of 1842.  The act of 1872 did not extend the limits of the corporation so as to embrace more territory than was included by the act of 1842.  By the act of 1872 the mayor and council of the city of Athens had full power and authority to levy and collect an annual tax of not exceeding one per centum upon the value of all the property within the corporate limits of said city, of whatever kind, real or personal, which is or may be subject to taxation by the laws of this state.  The complainant's land was within the corporate limits of the town of Athens when he purchased it, and is now within the corporate limits of the city of Athens under the amended charter.  It is not pretended that the tax assessed on the land is more than one per centum on its value, or that the land is not within the corporate limits of the city; yet, this court is asked to declare this law imposing the tax on the complainant's land unconstitutional and void, because he has no use for the corporation, and it is of no benefit to him, and to require him to pay the tax in obedience to the laws of the state, will be to take his private property for the use of the public without

compensation.    The reply is, that the sovereign authority of his state has declared by her constitutional legislative enactment that she deems it necessary and proper for her welfare, that he should pay the tax assessed upon his land, and therefore, it is his duty, as one of her citizens, to pay it, whether in his judgment he will be benefited by its payment or not.    If each individual tax-payer should refuse to pay the tax imposed upon his property by the sovereign authority of the state because, in his judgment, he would not be benefitted by its payment, there would not be much tax money collected.    Several cases decided in some of the western states of the union, were cited on the argument by the plaintiff in error.    The principle decided in those cases is, that, although the courts do not hold the legislative enactment imposing taxes to be absolutely void, but only hold that the courts have the power to limit the exercise of the taxing power of the state, when, in their judgment, upon a given state of facts, the individual whose property is taxed derives no benefit from the object for which the tax is imposed, then they will enjoin the collection of such taxes.    In other words, the practical effect of those decisions is, for the courts of the state to assume and decide what taxes are necessary and proper for the welfare of the state, instead of the legislative department of the state government.    Cooley on Constitutional Limitations, 501, after citing several of those cases, remarks, in a note, that "it would seem as if there must be great practical difficulties, if not some of principle, in making this disposition of such a case." In McCullock *vs.* Maryland, 4 Wheaton's Reports, 430, Chief Justice MARSHALL said: "It is unfit for the judicial department to inquire what degree of taxation is the legitimate use, and what degree may amount to the abuse of the power." By the constitution of this state, the legislative, executive, and judicial departments, shall be distinct, and each department shall be confided to a separate body of magistracy.    No person or collection of persons being of one department shall exercise any power properly attached to either of the others, except in cases herein expressly provided.    It follows, therefore, that

Linton *vs.* The Mayor and Council of the City of Athens.

in this state, at least, inasmuch as the power to levy and collect taxes is vested in the general assembly, that it would, in the language of Chief Justice MARSHALL, be *unfit* for the judicial department of the state government to inquire whether the law-making power of the state has acted wisely or unwisely, justly or unjustly, in taxing the property of the complainant as set forth in the record.    The principle involved in the case now before us, was decided in the case of *Frederick vs. The City Council of Augusta, 5th Georgia Reports,* 561. In that case, this court held " that when the law-making power acts within the scope of its delegated authority, the courts cannot interfere.   It is the duty of the judicial tribunals of the country to *execute* and *enforce* all *constitutional* laws, and not to *make* them.   The remedy against the effect of oppressive legislation, delegated to municipal corporations, is in the hands of the people or their representatives."   But the argument for the plaintiff in error, in the case now before us, as we understand it, is, that the tax upon the complainant's property is *not* unconstitutional, because it is unjust and oppressive, but as the municipal corporation of the city of Athens, which he is taxed to maintain, is of no benefit to him, it is unjust and oppressive to compel him to pay a tax on his property for its support, and therefore the law which compels him to do so *is unconstitutional,* because it take his property for the use of the public without compensation.   The reply is, that the taxation of property within the corporate limits of the city of Athens, was a question for the legislative department of the government to decide, and not a question for the courts.   We find no error in sustaining the demurrer to the complainant's bill.

· Let the judgment of the court below be affirmed.