Paul Decker *et al.*, plaintiffs in error, *vs.* James J. McGowan, tax collector, defendant in error.

1. The general rule is that there can be no judicial interference to hinder or delay the state in the collection of taxes.
2. The facts of the present case are not within any exception. A uniform tax of a given amount upon dealers, as such, is a tax upon employment or occupation, and not upon property. Whether certain individuals are of the class taxed, is a question of fact for decision by the revenue officers, and not by the courts.

3. That a city, and it alone, is empowered by law to license its liquor-
dealers, and that they have obtained license and paid the established
municipal fee or assessment therefor, will not prevent them from
being acted upon by a general law of the state imposing a special or
specific tax on the employment of all liquor-dealers.

Injunction. Tax. Municipal corporations. License. Be-
fore Judge TOMPKINS. Chatham County. At Chambers.
January 9, 1877.

Reported in the opinion.

P. W. MELDRIM, for plaintiffs in error.

R. N. ELY, attorney general; R. FALLIGANT, for de-
fendant.

BLECKLEY, Judge.

The complainants number not much less than two hun-
dred persons. They describe themselves as "merchants and
dealers in malt, vinous, or spirituous liquors, and intoxica-
ting bitters, and other articles of like character, in the city
of Savannah." They pray for an injunction against the tax
collector of Chatham county, to restrain him from collect-
ing from them a tax imposed in 1876 (pam. acts, p. 136)
"upon all dealers in patent or intoxicating bitters, brandy
fruit, or other articles of like character, the sum of twenty-
five dollars for each place of business where such articles
are sold;" and in 1877, (pamph. acts, p. 122), "upon all
dealers in intoxicating bitters, or other articles of like char-
acter, the sum of twenty-five dollars for each place of busi-
ness where such articles are sold," and "upon every dealer
in spirituous or malt liquors, twenty-five dollars." What
they allege as to the action of the tax collector is substan-
tially this: "that he is about to levy on their property to
recover the sum of seventy-five dollars from each of them,
which he claims to be due, one-third under the former, and
two-thirds under the latter act; that he regards and consid-

ers the complainants, when they admix bitters with vinous or spiritous liquors, though the bitters are not sold separately, as dealers in intoxicating bitters ; and that, acting under the orders of the comptroller general, he is proceeding to levy and collect the tax accordingly." They make the question whether they are liable under the special facts connected with their manner of conducting business ; and the question whether the tax is constitutional; and the further question whether the whole subject of taxation upon liquor-dealers in the city of Savannah is not committed by law to the municipal authorities, so as to render dealers in that city free from the operation of the general acts of 1876 and 1877.

1. It is certain that, as a general rule, judicial interference with the collection of state taxes is forbidden : Code, §3668 ; 45 *Ga.*, 85; 49 *Ib.*, 195 ; 21 *Ib.*, 50 ; 27 *Ib.*, 357 ; 33 *Ib.*, 622; 46 *Ib.*, 350; Cooly on Tax., 536, 537. Perhaps there is not, save in instances expressly provided for by the statute, a single real exception to the rule, properly understood, the so-called exceptions being only apparent. Nothing is a tax but what has the nature of a tax, and is imposed by some law. For an officer to exact money, under the name of a tax, when there is no law to warrant the exaction, is not an attempt to collect taxes, but an attempt to collect something else ; and the rule which excludes interference in the collection of taxes does not apply. The difference is that which exists between the absence of authority, and the mistaken or wrongful execution of an authority which has been duly conferred. If the officer is armed with a valid law, and confines himself within its limitations as to the rate and the objects of taxation, he is free from being impeded by the courts, whatever errors or abuses may happen. But if he thinks he has a law, or pretends to have, when, in truth, he has none, or if he disregards express limitations and restrictions, he is, so far, a mere wrong-doer, and cannot take shelter under official cover. Upon principle, I should say that cases admitting

of interference might be distinguished from those not admitting of it by this simple test: Conceding all the elements of fact to be as the officer decides them to be, or as favorable to him as possible, would his action be legal or illegal? If legal, no interference; if illegal, interference, to the extent necessary for the citizen's protection. Thus, suppose a claim for a poll tax, when there is no such tax, or for a poll tax of a thousand dollars when only one dollar has been imposed; in the former case, there would be a total absence of authority, and, in the latter, an absence of it as to all of the claim except one dollar. In either case, other circumstances concurring, such as the seizure of property, etc., resort to the courts would not be impossible. The resistance offered would not be to the collection of a tax, but to the collection of a pretended tax; and that such was its real character could be seen by consulting the constitution and laws, and without entering into any disputed or disputable question of fact. On the other hand, suppose a poll tax duly laid, but exacted, by the collector, of a minor, the collector disputing his minority, and holding him to be twenty-one years of age. Only a question of fact would be involved, and the collector's decision would be conclusive. The courts could not interfere. Again, suppose a professional tax demanded without having been legally imposed, an attempt made to collect it would be open to interference; but if the tax, as demanded, had been duly laid upon each person practicing a certain profession, its payment, in the given instance, could not be resisted on the ground that the person of whom the collector required it was not a member of that profession, or if a member, was not engaged in practice. So, too, in regard to a tax on property. Suppose the established legal rate, *ad valorem*, to be one per cent., and the collector should proceed for five per cent., his process could be arrested by the courts as to the excess above the legal rate; but were he to levy for the legal rate only, on an erroneous entry in the receiver's books, however excessive the aggregate of the tax might be on account of

such error, the courts could afford no relief.  With the aid of formal logic, the foregoing examples, and others that might be put, may be generalized thus :  Every claim for taxes is reducible to a syllogism of which the major premise is a proposition of law, involving the officer's authority, and the minor, a proposition of fact ; if the citizen disputes the major premise, and is in the right, he has a case in which judicial interference is not prohibited ; but if he controverts the minor premise only, he has no case for a court, but must pay the tax, and depend for redress on action against the officer, or on petition to the general assembly.  One of the examples, brought into syllogistic expression, will suffice for all purposes of illustration :

(Major)—The tax on practicing lawyers is ten dollars each. (Minor) — You are a practicing lawyer.  (Conclusion) — Therefore, you are taxed ten dollars.

What I have suggested as the result of principle, may not be so universal as to embrace all possible cases.  Some cases heretofore decided by this court are, perhaps, not within the principle.  Others may arise to which it cannot be applied with absolute strictness..  Nevertheless, it will generally serve as a guide ;  and it does so in the case now before us.

2. In respect to each of the complainants, the claim made by the collector for taxes is virtually as follows :  All dealers in intoxicating bitters are, by the act of 1876, taxed twenty-five dollars each, and, by the act of 1877, the same amount ; and, by the latter act, all dealers in spirituous or malt liquors are taxed twenty-five dollars each.

You are a dealer, not only in spirituous or malt liquors, but in intoxicating bitters also.  Therefore, you are taxed by the two acts seventy five dollars.  The bill, though it distinctly describes the complainants as dealers in intoxicating bitters, as well as in spirituous liquors, *etc.*, assails both of the premises.  It explains the manner of dealing in bitters, and, on account of that special manner, insists that the complainants are not to be classed as dealers in intoxicating bitters for the purpose of taxation.  Whether or not

they are dealers in intoxicating bitters, is a question of pure fact, and the tax officer has decided it. We have seen that the question was alone for his decision. The point was so ruled in 49 *Ga.*, 195. Besides, as before observed, the bill describes the complainants as such dealers. The bill attacks the major premise on two grounds, one of which is, that the tax is unconstitutional because it is a tax upon property and not uniform and *ad valorem.* Code, §5019. The tax, however, is not upon property, but upon employment or occupation. 42 *Ga.*, 506; 49 *Ib.*, 195.

3. The other ground of attack on the major premise is, that it is too comprehensive, that all dealers in spirituous liquors, *etc.*, are not taxed by the acts referred to, for that dealers in the city of Savannah (the complainants included) are not so taxed. For this position, statutory provisions of long standing, giving to the city of Savannah exclusive power to license liquor dealers within the city, are relied upon. It is contended that the complainants have obtained licenses, and paid the established municipal fee or assessment, and that they stand clear of general statutes imposing such taxes as the present. The authority to license dealers and collect a fee or assessment therefor, is a regulation in behalf of the city which is altogether consistent with taxing such dealers, by the state for its own benefit, on their employment or occupation, after they have become dealers. Dealers in Savannah are not expressly excepted from the general tax laws, and it would do great violence to hold them excepted by implication. A point similar to this was made in 49 *Ga.*, *supra*, based on the charter of the city of Augusta, but was not sustained. Indeed, it was not even so much as noticed by the court.

The chancellor committed no error in denying the injunction prayed for. The dismissal of the bill is also complained of, but that part of the chancellor's judgment is not now regularly before us. We may say, however, that we think it correct.

Cited by counsel for complainants : (Judicial interference)

3 *Kelly*, 233; 42 *Ga.*, 420; 43 *Ib.*, 480; 44 *Ib.*, 388; (doubt), 8 *Ga.*, 23; (tax—nature and constitutionality), Code, §§5134, 5019; 42 *Ga.*, 420, 427; 41 *Ib.*, 21; (license—dealers in Savannah), Cooley Tax., 175; Bouv. Law Dic., "License;" 36 *Ga.*, 462; Watkin's Dig., 454; Tax Ordinance of Savannah for 1877; 3 Kent's Com., 561.

Cited by the attorney general and Mr. Falligant: (Judicial interference), 51 *Ga.*, 252; 42 *Ib.*, 424; 20 Am. R., 654, 655, and the cases referred to in the first division of this opinion; (tax and taxing power), Bouv. Law Dic., "Tax;" Cooley Tax., 21; 8 Wall., 538, 548; 4 McLean, 25; 2 Peters, 449, 466; 9 *Ga.*, 341, 352; 54 *Ib*, 645; 4 Wheat., 316, 428, 429; 4 Peters, 514, 563; 11 *Ib.*, 420; 53 *Ga.*, 588; (license—dealers in Savannah), Bouv. Law Dic., "License;" 42 *Ga.*, 596; 50 *Ib.*, 530; 5 *Ib.*, 447; 29 *Ib.*, 334; 32 *Ib.*, 214; 20 Am. R., 663; 1 Humph., 156; 23 Grattan, 464; 46 Penn. St., 31; 42 Miss., 472; 33 N. J., 363; 49 *Ga.*,195; (tax constitutional), *Id;* 42 *Ib.*, 596; 50 *Ib.*, 530; 52 *Ib.*, 269; 20 Am. R., 654, 655; (equity—remedy), 2 Otto, 614; 20 Am. R., *supra.*

Judgment affirmed.