J. D. & T. F. Smith *vs.* Goldsmith, comptroller-general, *et al.*

1. A statute which imposes a specific tax, and requires payment to the comptroller-general, virtually designates that officer to receive the return as well as the money; and in case of default to pay, whether a return has been made or not, he may issue execution.

2. The tax act of 1878 imposes upon dealers in sewing machines a tax of $200.00 each. Whether a given dealer is within the designated class is a question of fact, not of law, and is for decision by the comp-

troller-general before he issues his execution for the tax. The object of an execution is to collect the money upon a state of facts already determined, and not to lay the foundation for testing the correctness of the determination, or for applying the law to facts not shown on the face either of the execution or the assessment, nor recited in any statute of the state. The presumption of competency and fidelity in the revenue department of the government will not give way to any consent arrangement, so as to make nugatory the statutory prohibition upon judicial interference in the collection of taxes.

Injunction. Judicial interference. Tax. Before Judge HILLYER. Fulton County. At Chambers. July 5, 1879.

On May 28, 1879, Goldsmith, as comptroller-general, issued his execution against "J. D. & T. F. Smith, dealers in sewing machines in this state, for $200.00, as their state tax for the year 1879, the same being a special license tax imposed by law for doing business in this state for the year commencing April 1st, 1879, and ending April 1st, 1880." The law which was the basis of this execution is to be found in the 14th section of the tax act of December 16, 1878, which is as follows :

"Upon each sewing machine company, home or foreign, or dealer or dealers in sewing machines, selling machines of home or foreign manufacture, by themselves, or by agents, in this state, the sum of $200.00, to be paid to the comptroller-general. . . . . This tax shall be for the whole state, and such companies shall not be subject to any county or license tax by county; *provided*, this tax shall not be demanded of regular merchants, or others, who buy and sell sewing machines as other merchandise."

A levy was made by Wilson, sheriff of Fulton county, and the Smiths filed their bill to enjoin, attacking the right of the comptroller-general to issue execution, and averring that they came within the proviso to the above statute, giving the character, etc., of their business, and the facts upon which they denied their liability to the tax.

The chancellor declined to interfere by injunction, and complainants excepted.

In this court, counsel for all the parties to the litigation

joined in the request that the court would pass upon the liability of the plaintiffs in error to the tax, irrespective of the question of judicial interference.

E. F. Hoge ; Hoke Smith, for plaintiffs in error.

Jackson & Lumpkin, for defendants.

Bleckley, Justice.

This case presents a question of law and a question of fact. The former can be entertained by the courts, but the latter is exclusively for the revenue department of the government.

1. The question of law is, could the comptroller-general issue the *fi. fa.* ? There is a specific tax laid by the act of 1878 upon each dealer in sewing machines, and payment of the tax is to be made to the comptroller-general. Nothing is said of a return, or of the mode of compelling payment. We think an act so meagre in its provisions is to be interpreted in the light of the general tax system of the state as shaped by the Code. That system contemplates that all persons subject to the payment of any tax whatever shall make a return to some officer. In each county there is a tax collector, and if payment is to be made to one of these, the return is to be made to the tax receiver of the same county. But with certain taxes, such as those upon railroads, etc., the collectors and receivers have nothing to do. These taxes are collected on returns made to the comptroller-general; and section 876 of the Code provides that "if any corporation, company, person, agency, or institution, who are required to make their returns to the comptroller-general, shall fail to return the taxable property or specifics, or pay annually the taxes for which they are liable to the state treasurer, the comptroller-general shall issue against them an execution for the amount of taxes due, according to law, together with the costs and penalties." When a law is passed which inadvertently omits the mention of a return,

but requires payment to be made to the comptroller-general, it means by implication that the return is to be made to that officer. In this case, neither return nor payment was made; so section 876 of the Code applies, and the execution was properly issued by the comptroller-general. Certainly there was no other officer that could issue it, and it is contrary to all precedent or analogy for the state to bring suit for taxes.

2. The question of fact is, what was the vocation of the complainants? Whether they were dealers in sewing machines, selling machines by themselves or their agents, or whether they were regular merchants, or others, who bought and sold sewing machines as other merchandise, seems to us not dependent upon the construction of any law, but to be purely a matter of fact. This question the comptroller-general must have decided before he issued his execution. In taxing the complainants as dealers, he classed them as such outside of the proviso of the act, and not within the proviso. It was his function, and not that of any judicial tribunal, to ascertain and settle the facts on which their proper classification depended. There is no statute, or public record, or official document, to which reference can be made, either to verify his accuracy or to disprove it. Upon the face of his execution, we have only the result, only the conclusion at which his mind arrived, and none of the particulars on which he founded it. We have, so to speak, a general verdict of the proper tax juror, and not a special verdict. If there was no law taxing dealers in sewing machines, the execution would be illegal. But there is such a law, and the amount assessed by the comptroller is not in excess of its provisions; how then can a court interfere with the collection of the tax without a direct infringement of the statute which forbids judicial interference? As to the consent of counsel in this court that the inhibition of the statute might be disregarded in the present case, we can take no license from that. The restriction is put upon courts for the public good, and neither the par-

ties nor their counsel can take it off. 59 *Ga.*, 811. After the proper tax officer has issued an execution in behalf of the public, he cannot vary its effect or impair its efficiency by admissions and consents. Perhaps he can withdraw and cancel it, or, it may be, modify or correct it; but no admission he makes can destroy or weaken it, so long as it is legally outstanding and in process of enforcement. As a part of this opinion, read the second head-note; and see 59 *Ga.*, 805.

Judgment affirmed.